■ ROBERT E. ANNIS, Respondent, v DARRELL PHILLIPS, as Distributee of GEORGE W. PHILLIPS, Deceased, Appellant. [683 NYS2d 107] —In an action to recover rent due under a deed, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered September 4, 1997, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $15,233.17.

Ordered that the judgment is affirmed, with costs.

In May 1987 the defendant conveyed his residential premises to the plaintiff in return for a $50,000 mortgage and the right to remain on the property for the rest of his life. The deed stated that the defendant could remain there at a "reasonable monthly rental". The defendant lived on the premises for nine years. During the first 5½ years, the defendant paid no rent to the plaintiff, but spent money to make certain improvements to the house. Thereafter, the defendant paid rent of $225 per month for approximately three years. The defendant determined that $450 was a fair sum and that he only owed one-half of this amount since the plaintiff also occupied the premises.

The plaintiff commenced this action in 1995, alleging that the defendant was in arrears for rent since the date of conveyance in May 1987. The plaintiff conceded that the defendant only owed one-half of the rent since 1989, but disputed the amount determined by the defendant. After a nonjury trial, the court awarded the plaintiff damages. The defendant contends that the court erred in declining to consider, on the issue of the parties' intent, the testimony of the attorney who drafted the contract of sale and the deed. We disagree.

It is well settled that where, as here, the parties have a written agreement which is clear and unambiguous in its terms and expresses the parties' entire agreement and intentions, evidence of a prior or contemporaneous communication during negotiations of the agreement that contradicts, varies, or explains the agreement is generally barred by the parol evidence rule (see, W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162; Namad v Salomon Inc., 74 NY2d 751, 753; Stone v Schulz, 231 AD2d 707; Chun Hye Kang-Kim v Feldman, 121 AD2d 590, 591; First Intl. Bank v Blankstein & Son, 88 AD2d 501, 502). The rule is applicable here and prevents examination of the alleged oral agreement that the defendant only owed rent to the plaintiff when the plaintiff needed or demanded it. Ac-

cordingly, the court properly awarded the plaintiff arrears dating to the date of conveyance.

The defendant's remaining contentions are without merit. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.