■ STRUCTURED CREDIT PARTNERS, LLC, Appellant, v PAINE-WEBBER INC., Respondent. [760 NYS2d 316] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 2, 2002, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs.

Plaintiff's breach of contract claim alleging defendant's unjustified reduction of the arbitrage vehicle's profitability, and resulting elimination of a large part of plaintiff's expected profit from the transaction, was properly dismissed in view of the provisions in the parties' agreements that defendant's arbitrage profit calculations "shall be binding and final absent manifest error" (*see Matter of Hermance v Board of Supervisors,* 71 NY 481, 486 [1877]) and that defendant would not be liable to plaintiff absent willful misconduct, bad faith or gross negligence. The motion court also properly dismissed plaintiff's causes of action alleging loss of profitability caused by defendant's hedging the collateral with treasury securities instead of interest-rate swaps, on the ground that the parties' fully integrated agreements did not impose any duty on defendant to hedge the collateral with interest-rate swaps. More-

over, even if plaintiff could establish a tort claim independent of defendant's alleged contractual hedging obligations, based upon accepted banking industry hedging practices, plaintiff's allegations fail to show the necessary reckless disregard of its rights (*see Hartford Ins. Co. v Holmes Protection Group,* 250 AD2d 526, 527 [1998]). The motion court correctly found that disclosure would not avail plaintiff. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.