■ SEMPRA ENERGY TRADING CORP., Appellant, v BP PRODUCTS NORTH AMERICA, INC., Respondent, et al., Defendant. [860 NYS2d 71]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 20, 2007, which granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff commenced this action for breach of contract alleging that defendants delivered fuel oil that failed to comply with the terms of the parties' agreement. Pursuant to the contract, defendants promised to deliver plaintiff fuel oil with an American Petroleum Institute (API) gravity of 11.3, and the parties agreed that the quality and quantity of the fuel would be determined and certified prior to discharge by a mutually acceptable inspector, and that the predischarge report was binding on the parties except in the event of fraud or manifest error. The record shows that predischarge testing of the delivered oil established that the API gravity was in compliance with the parties' agreement. However, postdischarge testing conducted at plaintiff's request revealed the API gravity to be below the specified minimum.

The complaint was properly dismissed, where plaintiff's breach of contract claim was refuted by the documentary evidence, namely the predischarge inspection report showing that the delivered fuel oil was in compliance with contract specifications (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 5 [2004]). Plaintiff's allegations of manifest error on the face of the official predischarge inspection report were properly rejected (*see Matter of Hermance v Ulster County*, 71 NY 481, 486 [1877]; *see also Structured Credit Partners v PaineWebber Inc.*, 306 AD2d 132 [2003]). Plaintiff relied on the postdischarge report, which was not material under the parties' agreement, to allege the possibility of manifest error in the official binding predischarge report. Furthermore, plaintiff did not plead its claim for fraud with any specificity and merely suggested fraud on the part of defendants when loading the fuel (*see* CPLR 3016 [b]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318-319 [1995]).

Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ. [*See* 2007 NY Slip Op 32201(U).]