■ THE ROGERS REVOCABLE TRUST U/A/D 12/31/81, Appellant-Respondent, v BANK OF AMERICA, N.A., Respondent-Appellant. [881 NYS2d 298]—Judgment, Supreme Court, New York County

(Herman Cahn, J.), entered November 14, 2008, after a nonjury trial, declaring defendant's adjustment of a stock option price proper and binding, unanimously affirmed, with costs in favor of defendant.

The calculation of the postmerger adjustment was not manifest error (*see Structured Credit Partners v PaineWebber Inc.*, 306 AD2d 132 [2003]), and the trial court fairly interpreted the evidence in concluding that it was not done in bad faith (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). It was commercially reasonable for defendant to account for its increased risk as a result of a merger and the consequent loss of position (*see generally Morgenroth v Toll Bros., Inc.*, 60 AD3d 596 [2009]), particularly where its counterparty was a trust for the benefit of a corporate insider holding the shares involved in the transaction. The sophisticated parties were represented by counsel in the underlying transaction, and had plaintiff wished to circumscribe defendant's discretion in calculating the adjustment it could have sought a prophylactic provision in the agreement.

In view of the foregoing, it is unnecessary to address the parties' other contentions. Concur—Gonzalez, P.J., Tom, Mazzarelli, Andrias and Saxe, JJ.