■ ACCURATE COPY SERVICE OF AMERICA, INC., et al., Appellants, v FISK BUILDING ASSOCIATES L.L.C. et al., Respondents. [899 NYS2d 157]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered May 13, 2009, which, insofar as appealed from as limited by the briefs, in an action alleging, inter alia, that plaintiffs were overcharged for electricity in violation of their leases, granted defendants' motion to dismiss the first, second and third causes of action of the complaint as against defendant Fisk Building Associates L.L.C. (Fisk), unanimously affirmed, without costs.

The first cause of action alleging breach of the subject leases was properly dismissed, since the complaint fails to even allege that Fisk did not enforce the electricity provisions of the leases in conformance with their terms or that the profit earned by Fisk violates the terms of the leases. Dismissal of the second cause of action for unjust enrichment was warranted because there is an enforceable agreement between the parties (*see Singer Asset Fin. Co., LLC v Melvin*, 33 AD3d 355, 358 [2006]).

The third cause of action seeking rescission of the electricity provisions of the lease was properly dismissed, since plaintiffs failed to plead that claim with the specificity required by CPLR 3016 (b). Indeed, plaintiffs failed to include "specific and detailed allegations of fact" in the complaint (*Callas v Eisenberg*, 192 AD2d 349, 350 [1993]), and while the complaint makes reference to representations purportedly made during lease negotiations about what the electricity charges would be, that merely suggests fraud and is insufficient to sustain the claim (*see Sempra Energy Trading Corp. v BP Prods. N. Am., Inc.*, 52

AD3d 350 [2008]). Nor did plaintiffs sufficiently allege that the leases were unconscionable, as such a claim requires plaintiffs to have pleaded facts supporting both procedural and substantive unconscionability (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]). Here, plaintiffs failed to plead anything regarding an alleged lack of meaningful choice regarding the electricity provisions, and it is noteworthy that plaintiffs were free to walk away from the lease negotiations at any time and rent space elsewhere (*see e.g. Scotts Co., LLC v Ace Indem. Ins. Co.*, 51 AD3d 445, 446 [2008]).

To the extent plaintiffs argue that the complaint supports a claim for breach of the implied covenant of good faith and fair dealing, plaintiffs failed to state a cause of action under that theory because they did not allege that Fisk is misapplying the formula set forth in the leases or that it is injuring their rights "to receive the fruits of the contract" in some other way (*Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995] [internal quotation marks and citation omitted]).

Plaintiffs' policy-based arguments are also unavailing, as the public policy in New York is to respect negotiated commercial leases (*see e.g. Holy Props. v Cole Prods.*, 87 NY2d 130, 133-134 [1995]). "[A] lease is subject to the rules of construction applicable to any other agreement" and "[o]nce a contract is made, only in unusual circumstances will a court relieve the parties of the duty of abiding by it" (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 217, 218 [1978]). Furthermore, the unambiguous terms of a lease will not be disregarded "for the purpose of alleviating a hard or oppressive bargain" (*id.* at 219).

As pertains to the specific arguments put forth by plaintiffs, we note that "escalation clauses are common in commercial leases and have been approved and enforced according to their terms" (*Meyers Parking Sys. v 475 Park Ave. S. Co.*, 186 AD2d 92 [1992]). In *George Backer*, the Court of Appeals approved of the common practice in commercial leases of using formulas for computing additional rent charges, even where the charges are not tied to the landlord's actual costs and may result in the landlord obtaining a profit in excess of its actual costs. The Court noted that the clause before it "contain[ed] no requirement that rent escalations be measured by actual costs" and held that the clause was not unconscionable even though the landlord received "economic advantage" of the formula (46 NY2d at 218). It does not avail plaintiffs to describe the profit in this case as a "windfall," since it is the result of a formula to which the parties agreed. Nor is this case distinguished from *George Backer* because the escalation clause in that case was

tied to an objective industry accepted wage-rate chart (*id.* at 218).

We have considered plaintiffs' remaining arguments, including that the subject lease provisions are ambiguous, and find them unavailing. Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.