Duferco S.A. v. Tube City IMS, L.L.C.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                                Chief Judge,
                DENNY CHIN,
                SUSAN L. CARNEY,
                                                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
DUFERCO S.A.,
        Plaintiff-Appellant,

        -v.-                                                                11-886

TUBE CITY IMS, L.L.C., R. KELLY
FREEDMAN HOLDING GROUP, L.L.C.
        Defendants-Appellees.[*]
- - - - - - - - - - - - - - - - - - - -X

_____

[*] The Clerk of Court is respectfully directed to amend the caption to conform to this order.

**FOR APPELLANT:**  Gary S. Stein, Pashman Stein, P.C., Hackensack, N.J.; Leo G. Kailas (on the brief), Reitler Kailas & Rosenblatt, LLC, New York, N.Y.; Robert P. Stein (on the brief), Duferco S.A., Lugano, Switzerland.

**FOR APPELLEES:**  David W. Brown, (Joshua D. Anders on the brief), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, N.Y. (counsel for Tube City IMS, L.L.C.);

James M. Reilly (on the brief), Herzog Law Firm, P.C., Albany, N.Y. (counsel for R. Kelly Freedman Holding Group, LLC).

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Duferco S.A. ("Duferco") appeals an order confirming an arbitral award in favor of Tube City IMS, L.L.C. ("Tube City") and R. Kelly Freedman Holding Group, L.L.C.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's decision to confirm an arbitration award de novo to the extent it turns on legal questions, and we review any findings of fact for clear error."  Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).

An award may be vacated if, inter alia, an arbitrator is "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy."  9 U.S.C. § 10(a)(3).  Duferco argues such a vacatur can be based on an arbitrator's error of law even if the arbitrator did not act in manifest disregard of the law.  See Klaveness, 333 F.3d at 388-90 (discussing manifest disregard).  Even supposing

2

this to be true, Duferco does not show the arbitrator erred, let alone committed an error in "bad faith or so gross as to amount to affirmative misconduct." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 40 (1987) (reviewing arbitrator's evidentiary determination).

According to Duferco's contract to purchase scrap steel from Tube City, measurement of the impurity level of the scrap would be performed by an independent inspector and would be "final at loadport." Duferco argues that the arbitrator misinterpreted New York law in holding that evidence from subsequent inspections--which could indicate the independent inspector grossly erred--is insufficient to establish that the inspector acted in bad faith and therefore insufficient to overcome the "final at loadport" provision. But Duferco failed to present to the arbitrator any New York authority in which a court found such evidence sufficient, let alone precedent that bound the arbitrator to consider--at the first phase of the arbitration--the subsequent inspection as evidence that the first inspection was conducted in bad faith. Cf. Sempra Energy Trading Corp. v. BP Prods. N. Am., Inc., 52 A.D.3d 350, 350, 860 N.Y.S.2d 71 (1st Dep't 2008) ("[P]ostdischarge report . . . was not material under the parties' agreement[] to allege the possibility of manifest error in the official binding predischarge report.").

Finding no merit in Duferco's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3