■ 4777 FOOD SERVICES CORP., Appellant, v ANTHONY P. GALLO, P.C., et al., Respondents. [56 NYS3d 319]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated March 23, 2016, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

In this action to recover damages for legal malpractice, the complaint alleges that the defendants, Anthony P. Gallo, P.C., and Anthony P. Gallo (hereinafter together Gallo), who represented the plaintiff in a prior legal malpractice action against the plaintiff's former attorneys, Demartin & Rizzo, P.C., and Joseph N. Rizzo, Jr. (hereinafter together Rizzo), negligently

failed to respond to certain discovery demands by Rizzo, which resulted in the Supreme Court (Gazzillo, J.) precluding the introduction of evidence in the plaintiff's legal malpractice action against Rizzo (*4777 Food Servs. Corp. v Demartin & Rizzo, P.C.*, 2013 NY Slip Op 33007[U] [Sup Ct, Suffolk County 2013] [hereinafter the Rizzo order]). The complaint further alleges that, as a result of this evidence being precluded, the court which issued the Rizzo order found that the plaintiff had failed to meet its burden of proof as to the element of damages sustained as a result of Rizzo's malpractice.

In this action, Gallo moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and relied in part on the Rizzo order. Gallo argued that the Rizzo order held that even if the subject evidence had not been precluded, the evidence would have been too speculative to support a damages award, and as a result, the complaint was subject to dismissal.

In the order appealed from, the Supreme Court (Asher, J.), relying on certain language in the Rizzo order, determined that Justice Gazzillo "expressly found" that the evidence, had it not been precluded, would have been too speculative to permit an award of damages, and granted Gallo's motion pursuant to CPLR 3211 (a) to dismiss. The plaintiff appeals, and we reverse.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Biro v Roth*, 121 AD3d 733, 735 [2014], citing *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Grant v LaTrace*, 119 AD3d 646, 646-647 [2014]). "A cause of action to recover damages for legal malpractice requires proof of three elements: (1) that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, (2) that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) that, but for the defendant's negligence, the plaintiff would have been successful in the underlying action" (*Cummings v Donovan*, 36 AD3d 648, 648 [2007], citing *Simmons v Edelstein*, 32 AD3d 464 [2006]). According the plaintiff the benefit of every possible favorable inference, we conclude that the complaint states a cause of action.

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documen-

tary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923 [2014]; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587 [2014]; *Siracusa v Sager*, 105 AD3d 937 [2013]).

Here, the Rizzo order does not utterly refute the allegations in the complaint, nor does it establish a defense as a matter of law. The order concludes, in part, that there was no proof of actual damages presented by the plaintiff, due to the plaintiff's failure to respond to at least two of Rizzo's discovery demands, which resulted in the preclusion of the damages evidence. The Rizzo order then states, referring to the precluded evidence, "[m]oreover, even if, *arguendo* the [c]ourt were to overlook that deficiency, its probative value is highly suspect" (*4777 Food Servs. Corp. v Demartin & Rizzo, P.C.*, 2013 NY Slip Op 33007[U], *9 [2013]). Contrary to the Supreme Court's conclusion, this alternate holding, which constitutes dicta, was not a finding on the merits and did not utterly refute the allegations in the complaint against Gallo (*see O'Connor v G & R Packing Co.*, 53 NY2d 278 [1981]; *Malloy v Trombley*, 50 NY2d 46, 50 [1980]; *Pollicino v Roemer & Featherstonhaugh*, 277 AD2d 666, 667-668 [2000]). Accordingly, the Supreme Court should have denied Gallo's motion pursuant to CPLR 3211 (a) to dismiss the complaint. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.