■ HOEG CORPORATION, Respondent, v PEEBLES CORPORATION, Appellant. [60 NYS3d 259]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated January 15, 2016, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is granted.

In December 2011, the plaintiff contacted the defendant to see if the defendant would be interested in forming a joint venture for the purpose of responding to requests for proposals from the New York City Economic Development Corporation (hereinafter EDC). Thereafter, the parties entered into a written retainer agreement dated May 14, 2012 (hereinafter the written retainer agreement), setting forth the terms of their relationship and, inter alia, compensation to be paid to the plaintiff. The plaintiff alleges that, notwithstanding the writ-

ten retainer agreement, it had earlier entered into a separate oral agreement with the defendant for a joint venture wherein the equity would be split 75%/25% in favor of the defendant. The plaintiff commenced this action asserting, inter alia, that the defendant breached that oral contract. According to the plaintiff, after the defendant used the plaintiff to win a bid to purchase and develop an EDC property and ultimately sold the development rights to that property in a multimillion dollar deal, the defendant failed to honor the terms of the oral joint venture agreement. The defendant appeals from an order of the Supreme Court, Kings County, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. We reverse.

"To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Summer v Severance*, 85 AD3d 1011, 1012 [2011], quoting *Teitler v Pollack & Sons*, 288 AD2d 302, 302 [2001]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A written agreement that is complete, clear, and unambiguous on its face must be enforced to give effect to the meaning of its terms and the reasonable expectations of the parties, and the court should determine the intent of the parties from within the four corners of the contract without looking to extrinsic evidence to create ambiguities (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277-278 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]; *Belle Harbor Wash. Hotel, Inc. v Jefferson Omega Corp.*, 17 AD3d 612 [2005]). The parol evidence rule generally operates to preclude evidence of a prior or contemporaneous communication during negotiations of an agreement that contradicts, varies, or explains a written agreement which is clear and unambiguous in its terms and expresses the parties' entire agreement and intentions (*see Annis v Phillips*, 256 AD2d 531 [1998]; *Stone v Schulz*, 231 AD2d 707 [1996]; *Katz v American Tech. Indus.*, 96 AD2d 932 [1983]). Where, as here, there is no merger clause, the court must examine the surrounding circumstances and the writing itself to determine whether the agreement constitutes a complete, integrated instrument (*see Braten v Bankers Trust Co.*, 60 NY2d 155, 162 [1983]; *Manufacturers Hanover Trust Co. v Margolis*, 115 AD2d 406, 407 [1985]).

Here, both a reading of the written retainer agreement and a consideration of the surrounding circumstances lead to the conclusion that the written retainer agreement is a complete

written instrument, and, thus, evidence of what may have been agreed orally between the parties prior to the execution of this integrated written instrument cannot be received to vary the terms of the writing (*see Braten v Bankers Trust Co.*, 60 NY2d at 162). The written retainer agreement was comprehensive in its scope and coverage and provided that, "[t]his agreement shall apply to *all properties* to be acquired and developed on behalf of the [defendant]" (emphasis added). The written retainer agreement provided that the plaintiff would act as a consultant in order to facilitate the defendant's acquisition and development of real property in New York City. The written retainer agreement did not limit its application to any particular project or property, or carve out any exceptions to the plaintiff's full-time dedication to the purpose of the agreement. The written retainer agreement also set forth different commission structures for work performed by the plaintiff in facilitating the defendant's acquisition and development of certain specified properties in Harlem, as well as the acquisition and development of properties other than the specified Harlem properties. Additionally, the written retainer agreement provided for the reimbursement of all expenses incurred by the plaintiff in connection with any work performed by the plaintiff on the defendant's behalf. As such, the plaintiff was at no risk of suffering any losses (*see Rocchio v Biondi*, 40 AD3d 615, 616 [2007]). The written retainer agreement reflects a consultant-principal relationship between the parties. Thus, the documentary evidence submitted by the defendant conclusively disposed of the plaintiff's claim alleging breach of the purported oral joint venture agreement. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action, which alleges breach of contract.

Moreover, the cause of action alleging breach of contract also should have been dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (*see Rocchio v Biondi*, 40 AD3d at 616-617; *Latture v Smith*, 1 AD3d 408, 408-409 [2003]).

The Supreme Court also should have directed the dismissal of the fourth cause of action, which alleges breach of fiduciary duty. " 'In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct' " (*Fitzpatrick House III, LLC v Neighborhood Youth & Family Servs.*, 55 AD3d 664, 664 [2008], quoting *Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]).

610

Here, the written retainer agreement belies the existence of a fiduciary relationship between the plaintiff and the defendant (*see Delaney v Weston*, 66 AD3d 519, 520 [2009]).

Further, the written retainer agreement, which constitutes a valid and enforceable contract between the parties, precludes recovery under the causes of action sounding in promissory estoppel, unjust enrichment, and quantum meruit, which arise out of the same subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Grossman v New York Life Ins. Co.*, 90 AD3d 990, 991-992 [2011]; *Marc Contr., Inc. v 39 Winfield Assoc., LLC*, 63 AD3d 693, 695 [2009]). Thus, the Supreme Court also should have directed the dismissal of the second, third, and fifth causes of action.

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

The defendant's remaining contentions either need not be addressed in light of our determination or are not properly before this Court. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.