Gad v Sherman (2018 NY Slip Op 02316)





Gad v Sherman


2018 NY Slip Op 02316


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-02740
 (Index No. 54710/16)

[*1]Samir Gad, respondent, 
v
Howard L. Sherman, appellant.


Howard L. Sherman, Ossining, NY, appellant pro se.
Debra Palazzo, Hawthorne, NY, for respondent.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated February 28, 2017, which denied his motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In an order dated June 18, 2013, the Supreme Court, Westchester County, assigned the defendant to represent the plaintiff in an underlying matrimonial action commenced against the plaintiff by his now former wife (hereinafter the wife). On April 11, 2014, the parties to the matrimonial action appeared with their attorneys before the court and agreed to resolve all issues pending in the action. As a result, the wife's counsel read an outline of the parties' agreement into the record, which included the understanding that a formal written stipulation would follow. In addition, both the plaintiff and the wife, in response to questions from the court, indicated that they understood the terms and conditions as placed on the record and that they were satisfied with their legal representation. Thereafter, in May 2014, the plaintiff and the wife signed the written stipulation of settlement (hereinafter the stipulation).
Regarding custody of the parties' two minor children, the wife's counsel stated in court that, pursuant to the parties' outline of the agreement, the wife would have "primary physical custody of the children" and the plaintiff would have access time. However, Article IV of the stipulation stated that the wife was to have "primary physical custody and legal custody." Regarding child support, both the April 2014 outline of the agreement and the subsequent stipulation provided, inter alia, that the plaintiff's pro rata share of the combined parental income was only 13%, and that his child support payments were to be paid in advance in one lump sum payment from his share of the equity in the marital residence. Despite the plaintiff's nominal income, he was also required to pay in advance 50% of the children's college expenses.
In April 2016, the plaintiff commenced this legal malpractice action against the defendant by the filing of a summons with notice. On or about September 21, 2016, a verified complaint was served upon the defendant. In late September 2016, the defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint, arguing that the transcript from the April 2014 court appearance conclusively established a defense as a matter of law. The plaintiff opposed the motion, arguing, inter alia, that the transcript from the April 2014 court appearance did not represent the parties' final agreement as set forth in the subsequent stipulation. The Supreme Court denied the defendant's motion, and the defendant appeals.
" A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel'" (Schiff v Sallah Law Firm, P.C., 128 AD3d 668, 669, quoting Tortura v Sullivan Papain Block McGrath & Cannavo, P.C., 21 AD3d 1082, 1083; see Katz v Herzfeld & Rubin, P.C., 48 AD3d 640, 641).
"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). " A motion pursuant to CPLR 3211(a)(1) to dismiss based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 670, quoting Sabre Real Estate Group, LLC v Ghazvini, 140 AD3d 724, 724; see Hoeg Corp. v Peebles Corp., 153 AD3d 607; 4777 Food Servs. Corp. v Anthony P. Gallo, P.C., 150 AD3d 1054, 1055-1056).
Here, the documentary evidence submitted by the defendant, consisting of the transcript from the April 2014 court appearance, failed to utterly refute the plaintiff's allegations of malpractice, thereby failing to conclusively establish a defense as a matter of law in this legal malpractice action (see Prott v Lewin & Baglio, LLP, 150 AD3d 908, 910; Palmieri v Biggiani, 108 AD3d 604, 607-608).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court