Curacao Oil N.V. v Trafigura Pte. Ltd. (2020 NY Slip Op 07130)





Curacao Oil N.V. v Trafigura Pte. Ltd.


2020 NY Slip Op 07130


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 651746/19 Appeal No. 12507 Case No. 2020-01705 

[*1]Curacao Oil N.V., Plaintiff-Appellant,
v
Trafigura Pte. Ltd., Defendant-Respondent.


Freehill Hogan & Mahar LLP, New York (Gina M. Venezia of counsel), for appellant.
Stroock & Stroock & Lavan LLP, New York (Francis C. Healy of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered February 3, 2020, which granted defendant's CPLR 3211(a)(1) and (7) motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court properly dismissed the breach of contract claim based on the independent inspector's "final and binding" quality determination of the fuel oil purchased by plaintiff under the contract (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 208 AD2d 63, 65-66 [2d Dept 1995], affd 87 NY2d927 [1996]). Although plaintiff asserts that this case is distinguishable from Sempra Energy Trading Corp. v BP Prods. N. Am., Inc. (52 AD3d 350 [1st [*2]Dept 2008]) relied on by the motion court, we see no reason to deviate from the contract interpretation principles applied in that case (id. at 350 ["The complaint was properly dismissed, where plaintiff's breach of contract claim was refuted by . . . the pre-discharge inspection report showing that the delivered fuel oil was in compliance with contract specifications"]). Here, although plaintiff maintains that the independent inspector's quality determination did not apply to characteristics not tested, the motion court properly determined that the contract did not provide for such a carveout. For the same reasons, the breach of warranty claim was properly dismissed, as the purported warranty on which plaintiff relies was expressly limited by the independent inspector's determination (see CBS Inc. v Ziff-Davis Publ. Co., 75 NY2d 496, 503-504 [1990]; Simone v Homecheck Real Estate Servs., Inc., 42 AD3d 518, 521 [2d Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020