Glencore Ltd. v Freepoint Commodities LLC (2021 NY Slip Op 05289)





Glencore Ltd. v Freepoint Commodities LLC


2021 NY Slip Op 05289


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 653431/19 Appeal No. 14300 Case No. 2020-02381 

[*1]Glencore Ltd., Plaintiff-Respondent-Appellant,
v
Freepoint Commodities LLC, Defendant-Appellant-Respondent.


Stroock & Stroock & Lavan LLP, New York (Francis C. Healy of counsel), for appellant-respondent.
Herbert Smith Freehills New York LLP, New York (Peter J. Behmke of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered May 8, 2020, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's first cause of action under CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
The motion court properly declined to dismiss plaintiff's cause of action for breach of the parties' purchase contract premised on defendant's delivery of off-specification low sulphur fuel oil (LSFO) in Houston. The documentary evidence did not conclusively establish that the LSFO defendant delivered in Houston met the specifications set forth in the purchase contract (see generally CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Specifically, the certificates of analysis issued by the mutually-agreed upon inspector in July 2018, finding that the LSFO met the contract's specifications, reported on a sample of LSFO that was taken after the LSFO was shipped from Houston to the U.S. Virgin Islands and was blended with additional oil products (cf. Curacao Oil N.V. v Trafigura Pte. Ltd., 189 AD3d 404 [1st Dept 2020], lv dismissed 37 NY3d 925 [2021]; Sempra Energy Trading Corp. v BP Prods. N. Am., Inc., 52 AD3d 350 [1st Dept 2008]). Moreover, because the parties' contracts did not conclusively establish that the July 2018 certificates were final and binding on the parties, the certificate of analysis issued in August 2018, reporting that the same sample of LSFO did not meet certain criteria, raises questions as to whether the LSFO was off-specification after it was blended in the Virgin Islands. Defendant's argument that the July 2018 certificates were irrefutably issued pursuant to the purchase contract, not the subsequent mitigation contract, is not persuasive, and simply raises an issue of fact.
Plaintiff stated a claim for breach of contract based on quality. Defendant's reliance on the warranty disclaimer in the purchase contract is unavailing because defendant expressly warranted that the LSFO it delivered in Houston would meet the specifications set forth in that contract, and as previously discussed, defendant has failed to establish, as a matter of law, that the LSFO delivered met those specifications. Defendant's F.O.B. argument is inapposite because, as the motion court noted, plaintiff does not claim that the LSFO became off-specification in transit; rather, plaintiff claims that the LSFO was off-specification at the time it was delivered by defendant (see UCC 2-319[1][b]).
The court did not improvidently exercise its discretion in declining to consider defendant's argument regarding the right to cure, which was raised for the first time in reply to its motion to dismiss (see Matter of Gonzalez v City of New York, 127 AD3d 632, 633 [1st Dept 2015]). In any event, plaintiff's breach of contract claim is not barred, as a matter of law, by defendant's statutory right to cure because, at minimum, issues of fact exist as to whether plaintiff rejected the off-specification [*2]LSFO delivered in Houston and whether the blended LSFO conformed with the specifications in the purchase contract (see UCC 2-508[2]). Defendant's waiver argument is also not persuasive at this juncture (see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021