## CJS Indus., Inc. v Dolce

2024 NY Slip Op 31750(U)

May 21, 2024

Supreme Court, New York County

Docket Number: Index No. 151385/2023

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. LYNN R. KOTLER, J.S.C.</u>                     PART 8

---

CJS INDUSTRIES, INC.                                        INDEX NO. 151385/2023

                                                           MOT. DATE

- v -

RON DOLCE et al.                                           MOT. SEQ. NO. 001

---

The following papers were read on this motion to/for <u>dismiss</u> _____
Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits          NYSCEF DOC No(s)._____
Notice of Cross-Motion/Answering Affidavits — Exhibits            NYSCEF DOC No(s)._____
Replying Affidavits                                               NYSCEF DOC No(s)._____

Defendants Ron Dolce, Dolce Custom Woodworking, Inc., Cermele & Wood, LLP, and Mark Cermele now move pre-answer to dismiss pursuant to CPLR § 3211(a)(1), (5) and (7), and to impose sanctions against plaintiff's attorney. Plaintiff CJS Industries, Inc (CJS) opposes the motion. The court's decision is as follows.

The following facts are alleged in the complaint. On July 18, 2018, CJS signed a Master Subcontractor Agreement (Agreement) with RS Custom Woodworking (RS). Defendant Dolce signed the Agreement for RS and identified himself as "president" of RS. CJS alleges that it had no knowledge of Dolce Custom Woodworking, that had no knowledge that RS was a "DBA" designation of Dolce Custom Woodworking and that Dolce disclosed nothing to CJS other than the existence of RS. During the course of the construction project, RS signed waiver and lien release documents in the name of RS as "lienor", it signed an indemnification/hold harmless agreement and purchase orders which were signed by Dolce as "President" of RS and accepted and deposited checks from CJS payable to RS.

At some point, a dispute arose between CJS and RS. The Agreement contains an arbitration provision for disputes arising between CJS and RS. When RS did not substantially perform its obligations under the Agreement and the associated purchase orders, CJS filed for arbitration against RS before the American Arbitration Association in accordance with the Agreement. The arbitration was captioned as the Matter of the Arbitration between CJS Industries Inc. v. RS Woodworking, Case No. 01-19-0000-5772 (the Arbitration). Defendant Cermele & Wood, LLP (Cermele) represented RS in the arbitration and never indicated that RS was not the proper party to the Arbitration. Further, RS asserted counterclaims against CJS in the Arbitration. On or about September 2, 2020, the arbitrator issued an initial award in CJS's favor in the amount of $49,497.50 (which accounted for an offset of $2,546.05 to RS Custom Woodworking), granted CJS $18,363.00 for attorney's fees, and $3,625.00 for the portion of the administrative fees and arbitrator compensation that the arbitrator assessed against RS Custom Woodworking for a total net recovery of $71,485.50 to CJS.

Dated: 5|21|24                                       _____
                                                     HON. LYNN R. KOTLER, J.S.C.

1. **Check one:**              ☐ CASE DISPOSED      ☑ NON-FINAL DISPOSITION

2. **Check as appropriate: Motion is**   ☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☑ OTHER

3. **Check if appropriate:**   ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ DO NOT POST

                               ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

[* 1]

On October 29, 2020, the arbitrator modified his award to $53,093.00 for a total due CJS of $72,532.95. Defendants proceeded and participated in the arbitration with no objection to RS' participation as the named respondent.

In the interim, on October 5, 2020, defendants Dolce and Cermele incorporated an entity known as RS Custom Woodworking, Inc. (RS Inc.), which incorporation was between the initial arbitration award on October 5, 2020 and the final award on October 29, 2020. CJS alleges that defendants Dolce and Cermele intentionally took steps designed to insulate RS and Dolce from responsibility for the Initial Award (and then the Final Award) by misleading CJS.

In or about December 22, 2020, CJS filed an Article 75 to confirm the arbitration award in Supreme Court, New York County in an action titled *CJS v. RS Custom Woodworking, Inc.* Justice Arthur Engoron confirmed the award and entered a judgment against RS Inc. RS Inc. appealed the decision and the Appellate Division First Department reversed and vacated the judgment because it was unable to confirm an award against an entity that did not exist at the time the award was issued.

Plaintiff asserts that the defendants schemed to defraud it because each was formed, participated in and acted in furtherance of a scheme to defraud CJS and to avoid paying the Initial Award and then the Final Award and that defendant Cermele provided assistance and acted in furtherance of defendant attorney and law firm representing defendants Dolce and Dolce Custom Woodworking Inc. Plaintiff also alleges causes of action for 1) vicarious liability against Cermele & Wood under the Doctrine of Respondeat Superior; 2) tortious interference with contract against defendant Dolce; 3) breach of contract against Dolce; 4)declaratory judgement to pierce the corporate veil against Dolce; 5) declaratory judgement that Dolce is personally liable for the agreement and for the final award as the agent of an undisclosed principal; 5) declaratory judgement that Dolce Custom is liable for the agreement and for the final award; 6) unjust enrichment against Dolce and Dolce Custom Woodworking, Inc.

**Discussion**

"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996, 913 NYS2d 668 [2010]). "'A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (*Feldshteyn v Brighton Beach 2012, LLC*, 153 AD3d 670, 61 NYS3d 60 [2017], quoting *Sabre Real Estate Group, LLC v Ghazvini*, 140 AD3d 724, 35 NYS3d 109 [2016]; *see Hoeg Corp. v Peebles Corp.*, 153 AD3d 607, 60 NYS3d 259 [2017]; *4777 Food Servs. Corp. v Anthony P. Gallo, P.C.*, 150 AD3d 1054, 56 NYS3d 319 [2017]). Whereas CPLR Sec. 3211(a)(5) provides that "the cause of action may not be maintained because of arbitration and award..."; and the criterion under 3211(a)(7) is whether the proponent of the pleading has a cause of action, not whether he has stated one" (id.).

Determining "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" *id*. "In this procedural posture, the allegations of the complaint ... must be given their most favorable intendment" *Arrington v New York Times Co.*, 55 NY2d 433, 449 NYS2d 941 [1982]) and the Court need only determine whether the allegations taken from the "four corners" of the complaint "together manifest any cause of action cognizable at law". *Guggenheimer v Ginzburg*, 43 NY2d 268, 401 NYS2d 182 [1977]

Fraud Causes of Action – 1 through 3

Defendants argue that the first through third causes of action, which are fraud-based claims, should be dismissed because there are no specifics of an "execution of scheme" to defraud and that CJS named not only the wrong party in its action to confirm the arbitration award, but also pursued confirmation and

[* 2]

judgment against a company that did not exist when the Agreement was made and the arbitration conducted.

Plaintiff opposes defendants' application and contends that CJS's fraud-based causes of action are legally sufficient because the complaint provides specific factual details establishing a misrepresentation or a material omission of fact which was false and known to be false by defendant[s], made for the purpose of inducing CJS to rely upon it, justifiable reliance by CJS on the misrepresentation or material omission, and injury. Plaintiff contends that the complaint describes defendants common plan to defraud CJS and to avoid paying the initial award soon after losing the arbitration, that RS Custom Woodworking, Inc. was incorporated between the initial and final arbitration award, that defendants knew there would be confusion between the two entities, that defendants intended for CJS to rely on the incorporation at the precise time CJS was working to confirm and defendants induced CJS reliance on the incorporation as a means to avoid payment.

CJS further argues that its allegations connect all defendants to the alleged scheme because Dolce and Dolce Custom Woodworking conspired with their attorneys Cermele to interfere with the enforcement of the arbitration award, that Cermele at the direction of Dolce incorporated RS Custom Woodworking Inc. soon after he and his firm represented RS Custom Woodworking in the arbitration and faced the issuance of the Arbitration Award. Plaintiff also alleges that defendants acted in furtherance of their common plan to avoid the enforcement of the arbitration award, which caused plaintiff out of pocket expenses and having to take additional measure to enforce the award.

The elements of fraud are "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 883 NYS2d 147 [2009]; *Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.,* 115 AD3d 128, 980 NYS2d 21 [1st Dept 2014].) Fraud claims must be pleaded with the heightened specificity required by CPLR 3016 (b). *Pludeman v Northern Leasing Sys., Inc.,* 10 NY3d 486, 860 NYS2d 422 [2008]. This heightened specificity "imposes a more stringent standard of pleading than otherwise applicable." *DDJ Mgmt., LLC v Rhone Grp. L.L.C.,* 78 AD3d 442, 911 NYS2d 7 [1st Dept 2010]. Thus, "conclusory allegations are insufficient" to make out a cause of action for fraud. *Eurycleia Partners, LP*, 883 NYS2d at 150.) While there is no requirement of unassailable proof at the pleading stage, the complaint must have sufficient detail to inform defendants of the substance of the claim. (*Id.; Robinson v Day*, 103 AD3d 584, 960 NYS2d 397 [1st Dept 2013].) Sufficient detail requires that the facts suffice to permit a "reasonable inference of the alleged misconduct." *Id.*

Here, plaintiff's complaint does not describe with factual specificity the actions/conduct of defendants with specificity. Plaintiff merely alleges in conclusory terms that defendants "acted in furtherance of and took steps to effectuate their common plan, agreement and scheme to defraud…", that the alleged actions by defendants were fraudulent, that Dolce conspired with his attorneys in order to avoid paying the arbitration award and makes references to the "underlying fraudulent scheme". Based on plaintiff's allegations, the court cannot reasonably infer the fraudulent conduct that allegedly occurred between the various defendants.

To establish a claim for civil conspiracy under New York law, a "plaintiff must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in furtherance of a plan or purpose; and (4) resulting damage or injury". *Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 905 NYS2d 585 [1st Dept 2010]). A civil conspiracy cause of action "cannot stand alone, but stands or falls with the underlying tort. *Romano v Romano*, 2 AD3d 430, 767 NYS2d 841 [2d Dept 2003]

Since plaintiffs have failed to state a claim for fraud, as discussed above, plaintiff also fails to state a claim for conspiracy to commit fraud. Even if the claim for fraud survived, the conspiracy claim would still fail, as plaintiffs pled no facts showing an agreement to commit fraud existed between defendants and do not plead any overt acts by any defendant other than conclusory allegations that lack any factual specificity. Plaintiff's allegations lack the specificity required under that statute to withstand a motion

[* 3]

to dismiss. Furthermore, plaintiff's third cause of action, vicarious liability against Cermele and Wood under the doctrine of respondeat superior also fails as the court found plaintiff failed to state a cause of action for fraud under its first two causes of action.

Accordingly, causes of action one through three are severed and dismissed.

Fourth Cause of Action – Tortious Interference

Next defendants argue that plaintiff's fourth cause of action, tortious interference with a contract (against Dolce) fails because Dolce, as the principal of Dolce woodworking and principal, cannot be held personally liable for inducing the breach of a contract between a corporation and a third party.

Plaintiff, in opposition, argues that it has sufficiently alleged that Dolce individually interfered with the agreement entered into between CJS and Dolce Custom Woodworking (as the alter ego of RS Custom Woodworking) "by inducing it not to pay (and to avoid paying) the arbitration award" and that Dolce committed tortious conduct and acts toward CJS specifically designed to avoid payment of the arbitration award. Further, plaintiff argues that the First Department noted that there are issues of fact whether defendants can be considered alter egos in piercing the corporate veil when it considered defendants actions suspect and questionable.

"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom. *Lama Holding Co. v. Smith Barney Inc.,* 88 NY2d 413 [1996]

Defendants' motion to dismiss this claim is denied because at this stage of the litigation plaintiff has alleged sufficient facts to support this cause of action. Here, plaintiff contends that during the construction project, RS signed waiver and lien release documents in the name of RS as "lienor", it signed an indemnification/hold harmless agreement and purchase orders which was signed by Dolce as "President" of RS, accepted and deposited checks from CJS payable to RS and that plaintiff suffered damages as a result of defendants' breach.

Fifth, Sixth and Seventh Causes of Action

Next, defendants argue that plaintiff's fifth cause of action, breach of contract , is barred by the doctrine of judicial estoppel because a judgment having been obtained based on CJS's position that RS Woodworking was the counterparty in the MSA (incorporating the Agreement, i.e., the arbitration provisions) and the Arbitration proceeding and Award, CJS is judicially estopped to assert, as it does in the "Fifth" cause of action in the new Complaint, that the Agreement (and thus the Arbitration) was between CJS and Mr. Dolce and therefore plaintiff is precluded from taking a different position inconsistent from the one it held in the prior proceeding. Defendants further argue that the Sixth and Seventh causes of action should also be dismissed because the complaint fails to plead sufficiently the usual requirements to pierce the corporate veil against Ron Dolce and that because Dolce signed the Agreement not only doesn't make him liable, but also plaintiff failed to name Dolce in the arbitration.

Plaintiff disagrees and argues that while it obtained a judgment from the lower court, the First Department then reversed the lower court and vacated the decision/judgment. Plaintiff further argues that the complaint alleges sufficient factual allegations to survive breach of contract as well as to pierce the corporate veil.

Judicial estoppel "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed." *Anonymous v. Anonymous,* 156 AD3d 412 [1st Dept 2017] (citations omitted). Success in the prior proceeding is a necessary part of the doctrine of judicial estoppel. *See Universal City Studios, Inc. v. Nintendo Co.,* 578 F. Supp. 911, 921 (SDNY 1983), *aff'd,* 746

[* 4]

F.2d 112 (2d Cir. 1984); *Stewart Title Ins. Co. v. New York Title Research Corp.*, 178 AD3d 618 (1st Dept 2019) (citations omitted) (finding doctrine of judicial estoppel "inapplicable because NY Title has not obtained any relief based on any of its allegedly competing positions").

It is undisputed that the Appellate Division, First Department reversed and vacated the lower court and therefore plaintiff is not judicially estopped from asserting a different position in the instant matter as there is no longer a judgement against RS Custom Woodworking, Inc, an entity that did not exist at the time of the arbitration.

The court agrees with plaintiff. All plaintiff needs to do to survive dismissal is allege a prima facie case of action for breach of contract, which it did. CJS entered into the Agreement with "RS Custom Woodworking," which Ron Dolce signed as "President" of "RS Custom Woodworking." (Pope Aff. Exh. 5.) The Agreement identifies no other person or entity except CJS, "RS Custom Woodworking," and Ron Dolce and that there was a breach of that agreement.

"The doctrine of piercing the corporate veil is typically employed by a third party seeking to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them li-able for some underlying corporate obligation". *Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993] In order to pierce the corporate veil, CJS must show that: [1] Dolce exercised complete domination over the RS, Dolce Woodworking defendants with respect to any payment due and owing to CJS; and [2] that such domination was used to commit a fraud or wrong against CJS which resulted in CJS's injury. *Id.*

The court finds that at this stage of the litigation, plaintiffs' allegations are sufficient to survive a motion to dismiss. Whether Dolce, as principal of all the entities, in concert with Cermele made the decision to incorporate RS after 30 years as a dba to thwart payment of an arbitration award, that RS is not a legal entity but as plaintiff alleges cashed checks payable to RS, are all issues that cannot be determined at this early stage of the litigation.

Eighth Cause of Action

Defendants next argue that plaintiff's eighth cause of action, declaratory judgment that Dolce Woodworking is liable under the agreement and award should be dismissed.

Plaintiff disagrees and argues that "The First Department's vacatur prevents any application of judicial estoppel, that CJS is certainly entitled to plead alternate (and even inconsistent) theories of liability in the complaint." and that defendants cannot preclude CJS from seeking to hold Dolce Custom Woodworking, Inc responsible for the award.

The court agrees with plaintiff. Here plaintiff needs to allege sufficient facts to support a prima facie cause of action, a burden they have met here. A review of plaintiff's complaint alleges that RS is the alter ego of Dolce Custom Woodworking, that Dolce Custom Woodworking is liable for RS's obligations under the agreement and that Dolce Custom Woodworking is liable for the award.

Ninth Cause of Action

Defendants argue that if CJS were to obtain a judgement based on the Award, then the cause of action for unjust enrichment would be redundant.

Plaintiff opposes and argues that its complaint adequately describes payment of money to defendants Dolce and Dolce Custom Woodworking, that both defendants retained the money and refused to pay plaintiff and that both defendants have been enriched at CJS's expense because they have refused to pay what is due and owing to plaintiff.

[* 5]

An unjust enrichment claim is a quasi-contract arising when a defendant was enriched at plaintiff's expense and it is against equity and good conscience that defendant retain what is sought to be recovered. *Travelsavers Enterprises, Inc. v. Analog Analystics, Inc.*, 149 AD3d 1003 [2d Dept 2017]  An unjust enrichment claim does not lie where there is an enforceable agreement between the parties. *Accurate Copy Serv. of America, Inc. v. Fisk Bldg. Assocs. L.L.C.*, 72 AD3d 456 [1st Dept 2010] citing *Singer Asset Fin. Co., LLC v. Melvin*, 33 AD3d 355, 358 [2006].  However, at this stage of the litigation the court must accept the allegations as true.  Here. plaintiff has alleged sufficient facts to support its cause of action for unjust enrichment.

Finally, defendants request for punitive damages on plaintiff's First, Second and Fourth cause of action are denied in light of the above reasoning.

Based on the foregoing, defendant's motion to dismiss is denied.

**CONCLUSION**

Accordingly, it is hereby

**ORDERED** that the motion sequence 001 is granted to the extent that the first, second and third causes of action are severed and dismissed; and it is further,

**ORDERED** that motion sequence 001 is otherwise denied; and it is further

**ORDERED** that defendants are directed to file and serve an answer within twenty days from the date of entry of this order/decision.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly denied and this constitutes the Decision and Order and Judgment of the court.

Dated: 5/21/24
New York; New York

So Ordered:

_____
Hon. Lynn R. Kotler, J.S.C.

[* 6]