■ Spiros Makris et al., Respondents, v Darus-Salaam Masjid, New York, Inc., Defendant, and Tower Insurance Company of New York, Appellant. (And a Third-Party Action.) [936 NYS2d 325]—

The plaintiffs commenced this action against Tower Insurance Company of New York (hereinafter Tower), among others, alleging, inter alia, that Tower had wrongfully denied their claim to recover pursuant to their homeowners insurance policy for damage to their property caused by negligent demolition, construction, building, excavation, and blasting occurring on the property adjacent to the plaintiffs' property. Tower moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, arguing that the policy's "faulty workmanship" exclusion applied to the plaintiffs' claim. The Supreme Court denied its motion.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]). "A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Contrary to Tower's contention, the Supreme Court properly denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). Tower failed to carry its burden of demonstrating that the faulty workmanship exclusion applies in this particular case, and that the exclusion is subject to no other reasonable interpretation than the one offered by it (*see Cragg*

*v Allstate Indem. Corp.*, 17 NY3d 118, 122 [2011]; *Insurance Co. of Greater N.Y. v Clermont Armory, LLC*, 84 AD3d 1168, 1170 [2011]; *242-44 E. 77th St., LLC v Greater N.Y. Mut. Ins. Co.*, 31 AD3d 100, 104-106 [2006]). Consequently, Tower failed to utterly refute the plaintiffs' allegation that Tower wrongfully denied their claim or to establish that their allegation was "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275; *see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2010]). Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.