■ ANDREW SCOTT BIRO, Appellant, v WARREN J. ROTH et al., Respondents. [994 NYS2d 168]—

In an action to recover damages for legal malpractice, the plaintiff appeals from so much of an order of the Supreme Court,

Orange County (Slobod, J.), dated October 3, 2013, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) is denied.

The plaintiff commenced this action against the defendants, alleging a single cause of action sounding in legal malpractice. The defendants represented the plaintiff in connection with an application by which he sought disability retirement benefits in connection with his employment as a corrections officer with the New York State Department of Correctional Services (now known as the New York State Department of Corrections and Community Supervision). The complaint alleged, inter alia, that the defendants failed to incorporate certain documentary evidence of his disability into his application, and that their failure to do so was the proximate cause of his failing to secure the benefits he sought. Prior to answering the complaint, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), determining that the plaintiff stated a cause of action, but granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923 [2014]; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587 [2014]; *Siracusa v Sager*, 105 AD3d 937 [2013]). Here, in their motion to dismiss, the defendants argued that they included all relevant documentation to support the plaintiff's application for disability retirement benefits. However, the evidence submitted by the defendants, including a doctor's report stating that the plaintiff was able to return to full duty, either did not constitute documentary evidence within the meaning of CPLR 3211 (a) (1) or failed to utterly refute the plaintiff's allegations of malpractice or conclusively establish a defense as a matter of law (*see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713 [2012]; *Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]). A party seeking relief pursuant to CPLR

3211 (a) (1) on the ground that its defense is founded upon documentary evidence " 'has the burden of submitting documentary evidence that resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Flushing Sav. Bank, FSB v Siunykalimi*, 94 AD3d 807, 808 [2012], quoting *Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Camisa v Papaleo*, 93 AD3d 623 [2012]; *Makris v Darus-Salaam Masjid, N.Y., Inc.*, 91 AD3d 729 [2012]). Here, the defendants failed to meet their burden. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the complaint pursuant CPLR 3211 (a) (1).

To the extent the defendants argue, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), that the branch of their motion which was pursuant to CPLR 3211 (a) (7) should have been granted, that contention is without merit. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the facts alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Grant v LaTrace*, 119 AD3d 646 [2014]). Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove his or her claims, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, as required, the plaintiff stated a cause of action to recover damages for legal malpractice (*see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d at 587; *Palmieri v Biggiani*, 108 AD3d 604 [2013]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38). Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.