■ 25-01 Newkirk Avenue, LLC, Appellant, v Everest National Insurance Company, Respondent. [7 NYS3d 325]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Michel v 25-01 Newkirk Ave., LLC*, pending in the Supreme Court, Kings County, under index No. 8871/12, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated March 6, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for a declaration that it is not obligated to defend or indemnify the plaintiff in the underlying action.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is denied.

The defendant issued a general liability policy covering an apartment building owned by the plaintiff (hereinafter the premises). In an underlying personal injury action, the plaintiff was sued by a former tenant who allegedly sustained injury from lead exposure while residing at the premises. The plaintiff advised the defendant of the claim, and the defendant disclaimed coverage, invoking a lead exclusion it had added to the policy after the plaintiff failed to perform lead testing at the premises pursuant to an alleged agreement between the parties. The plaintiff then commenced this action, inter alia, for a judgment declaring that the defendant was obligated to defend and indemnify it in the underlying action, arguing that the addition of the lead exclusion to the policy was invalid. The defendant moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint based on a defense founded upon documentary evidence and for a judgment declaring that it is not obligated to

defend or indemnify the plaintiff in the underlying action. The Supreme Court granted the motion. We reverse.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted 'only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*YDRA, LLC v Mitchell*, 123 AD3d 1113, 1113 [2014], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *Tooma v Grossbarth*, 121 AD3d 1093, 1094-1095 [2014]; *Biro v Roth*, 121 AD3d 733, 734 [2014]). "In order for evidence submitted under a CPLR 3211 (a) (1) motion to qualify as 'documentary evidence,' it must be 'unambiguous, authentic, and undeniable' " (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012], quoting *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]; *see Treeline 1 OCR, LLC v Nassau County Indus. Dev. Agency*, 82 AD3d 748, 752 [2011]). "It is clear that judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are 'essentially undeniable,' would qualify as 'documentary evidence' in the proper case" (*Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010], quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22). Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence (*see Attias v Costiera*, 120 AD3d 1281, 1283 [2014]; *Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714; *Fontanetta v John Doe 1*, 73 AD3d at 87).

Here, the evidence submitted by the defendant in support of the motion either did not constitute documentary evidence within the meaning of CPLR 3211 (a) (1), or failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law, particularly with regard to whether the plaintiff was obligated to perform lead testing at the premises and whether the lead exclusion was validly added to the policy (*see generally Indymac Venture, LLC v Nagessar*, 121 AD3d 945 [2014]; *Biro v Roth*, 121 AD3d 733 [2014]; *Attias v Costiera*, 120 AD3d 1281, 1283 [2014]). Accordingly, the Supreme Court should have denied the defendant's motion. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.