■ BORIS FELDSHTEYN et al., Appellants, v BRIGHTON BEACH 2012, LLC, Respondent. [61 NYS3d 60]—

In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schack, J.), dated March 7, 2016, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint is denied.

The plaintiffs commenced this action, inter alia, to recover a $55,000 down payment made pursuant to a contract for the sale of real property. The defendant seller moved pursuant to CPLR 3211 (a) (1) to dismiss the complaint. In support of its motion, the defendant submitted a purchase agreement, an attorney's affirmation, a letter from the defendant's attorney to the plaintiffs' attorney designated as a "Time of the Essence Notice" dated March 20, 2013, a second letter from the defendant's attorney to the plaintiffs' attorney dated April 12, 2013, designated as a "Time of the Essence Notice," and a third letter from the defendant's attorney to the plaintiffs' attorney deeming the contract terminated and informing the plaintiffs that the defendant was retaining the down payment. The Supreme Court granted the defendant's motion to dismiss the complaint. We reverse.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Sabre Real Estate Group, LLC v Ghazvini*, 140 AD3d 724, 724 [2016] [internal quotation marks, brackets, and citation omitted]; *see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2015]). "The evidence submitted in support of such motion must be documentary or the motion must be denied" (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d 713, 714 [2012] [internal quotation marks omitted]; *see Attias v Costiera*, 120 AD3d 1281, 1282 [2014]; *Fontanetta v John Doe 1*, 73 AD3d 78, 84 [2010]). "In order for evidence submitted in support of a CPLR 3211 (a) (1) motion to

qualify as 'documentary evidence,' it must be 'unambiguous, authentic, and undeniable' " (*Attias v Costiera*, 120 AD3d at 1282, quoting *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714).

"[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (*Fontanetta v John Doe* 1, 73 AD3d at 84-85; *see Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714). "At the same time, '[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a)' " (*Cives Corp. v George A. Fuller Co., Inc.*, 97 AD3d at 714, quoting *Granada Condominium III Assn. v Palomino*, 78 AD3d at 997; *see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co.*, 127 AD3d 850, 851 [2015]; *Attias v Costiera*, 120 AD3d at 1283; *Rodolico v Rubin & Licatesi, P.C.*, 114 AD3d 923, 925 [2014]).

Here, the letters submitted by the defendant did not constitute documentary evidence within the meaning of CPLR 3211 (a) (1), and should not have been relied upon by the Supreme Court as a basis for granting the defendant's motion to dismiss the complaint. The only documentary evidence submitted in support of the defendant's motion was the purchase agreement, which did not "utterly refute" the plaintiffs' allegations or conclusively establish a defense as a matter of law. Contrary to the defendant's contention, the issue of whether the letters constitute documentary evidence within the intendment of CPLR 3211 (a) (1) can be raised for the first time on appeal because it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (*see Verde Elec. Corp. v Federal Ins. Co.*, 50 AD3d 672, 673 [2008]; *Chrostowski v Chow*, 37 AD3d 638, 639 [2007]).

Accordingly, the Supreme Court should have denied the defendant's motion to dismiss the complaint. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.