Matter of Elberg (2018 NY Slip Op 05589)





Matter of Elberg


2018 NY Slip Op 05589


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-07168

[*1]In the Matter of Jacob Elberg, etc., deceased. Tamara Pewzner, respondent; Ruben Elberg, appellant. (File No. 46/14)


Levi Huebner & Associates, P.C., Brooklyn, NY, for appellant.
Johnson Liebman, LLP, New York, NY (Charles D. Liebman of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Tamara Pewzner petitioned for the turnover of certain assets allegedly belonging to the estate of Jacob Elberg, Ruben Elberg appeals from an order of the Surrogate's Court, Kings County (Diana A. Johnson, S.), dated April 21, 2015. The order, insofar as appealed from, granted the motion of Tamara Pewzner to preliminarily enjoin the distribution of the assets, and denied those branches of the motion of Ruben Elberg which were pursuant to CPLR 3211(a)(1) to dismiss the turnover petition or, alternatively, to direct Tamara Pewzner to post an undertaking pursuant to CPLR 6312.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of Ruben Elberg which was to direct Tamara Pewzner to post an undertaking, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.
After the decedent, Jacob Elberg, died in December 2013, his will was admitted to probate, and letters testamentary were issued to his daughter, Tamara Pewzner (hereinafter the petitioner), and one of his sons, Ruben Elberg (hereinafter the appellant). The petitioner subsequently filed a petition seeking the turnover of certain assets she alleged belong to the estate, including two limited liability companies owning real estate and three corporations owning taxicab medallions. The petitioner alleged that the decedent was the sole owner of these assets, and the appellant claimed that he was the sole owner of one of the taxicab corporations and a partial owner of the other assets.
The petitioner moved to preliminarily enjoin the distribution of the assets in question. The appellant moved, among other things, pursuant to CPLR 3211(a)(1) to dismiss the turnover petition or, alternatively, to direct the petitioner to post an undertaking pursuant to CPLR 6312. The Surrogate's Court, inter alia, granted the petitioner's motion for a preliminary injunction, and denied those branches of the appellant's motion which were pursuant to CPLR 3211(a)(1) to dismiss the petition or to direct the petitioner to post an undertaking.
"A motion pursuant to CPLR 3211(a)(1) to dismiss based on documentary evidence [*2]may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "In order for evidence submitted under a CPLR 3211(a)(1) motion to qualify as documentary evidence,' it must be unambiguous, authentic, and undeniable'" (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997). "[I]t is clear that judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable,' would qualify as documentary evidence' in the proper case" (Fontanetta v John Doe 1, 73 AD3d 78, 84-85, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 21-22). Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence (see Attias v Costiera, 120 AD3d 1281, 1283; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714; Fontanetta v John Doe 1, 73 AD3d at 87).
Here, the evidence submitted by the appellant in support of his motion either did not constitute documentary evidence within the meaning of CPLR 3211(a)(1), was contradicted by other record evidence, or failed to utterly refute the petitioner's allegations or conclusively establish a defense as a matter of law (see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d at 851; Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851). Accordingly, we agree with the determination of the Surrogate's Court to deny that branch of the appellant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the turnover petition.
The Surrogate's Court also providently exercised its discretion in granting the petitioner's motion to preliminarily enjoin the distribution of the assets in question, inasmuch as the petitioner demonstrated (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors her position (see Montauk-Star Is. Realty Group v Deep Sea Yacht & Racquet Club, 111 AD2d 909, 910; Family Affair Haircutters v Detling, 110 AD2d 745, 747). However, since CPLR 6312(b) clearly and unequivocally requires the party seeking an injunction to give an undertaking (see Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 605), the court should have granted that branch of the appellant's motion which was to direct the petitioner to post an undertaking. Accordingly, we must remit this matter to the Surrogate's Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312 (see Gaentner v Benkovich, 18 AD3d 424, 427).
The appellant's remaining contentions are without merit.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court