Phoenix Grantor Trust v Exclusive Hospitality, LLC (2019 NY Slip Op 03635)





Phoenix Grantor Trust v Exclusive Hospitality, LLC


2019 NY Slip Op 03635


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-07435
 (Index No. 710949/15)

[*1]Phoenix Grantor Trust, respondent, 
v
Exclusive Hospitality, LLC, et al., appellants, et al., defendants.


Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman and Debra L. Cordova of counsel), for appellants.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Mark A. Slama of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Exclusive Hospitality, LLC, Hiren Shah, Chandresh M. Patel, and Kaushek Patel appeal from stated portions of an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 22, 2016. The order, inter alia, denied those branches of the motion of those defendants which were pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action, the plaintiff seeks, inter alia, to foreclose a commercial mortgage encumbering real property in Woodside, Queens, improved with a hotel operated by the defendant Exclusive Hospitality, LLC (hereinafter Exclusive), under a franchise agreement. In addition to Exclusive, the defendants include the members and managers of Exclusive, who are also guarantors or limited guarantors of the subject mortgage loan. On May 20, 2008, Exclusive, by its managers, closed on the purchase of the property and obtained a commercial loan from the National Republic Bank of Chicago (hereinafter NRBC) in the amount of $10,500,000 to finance the purchase and development of the property.
On October 21, 2015, the plaintiff, as successor in interest to NRBC, commenced this foreclosure action, alleging, inter alia, that Exclusive had defaulted under the loan documents by failing to make payment of the balance of the mortgage debt on the alleged maturity date of October 18, 2015, and by failing to pay real estate taxes and assessments, and that Exclusive's guarantors and limited guarantors were in default for failing to make those payments upon Exclusive's failure to do so.
In lieu of answering, Exclusive and the defendants Hiren Shah, Chandresh M. Patel, and Kaushek Patel (hereinafter collectively the appellants) moved, inter alia, pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against them, and to discharge any amounts due under the note and guaranties. The appellants asserted, inter alia, that the note relied upon by the plaintiff was the product of a fraudulent alteration of the genuine note, which shortened the repayment period from 10 years to 5 years, and that Exclusive was not in default. In addition, [*2]the appellants asserted that the plaintiff lacked standing to foreclose. Determining that the documents submitted by the appellants had failed to conclusively establish that the note sued upon was fraudulent or that the plaintiff lacked standing, the Supreme Court denied the motion.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o qualify as documentary evidence,' it must be unambiguous, authentic, and undeniable'" (Attias v Costiera, 120 AD3d 1281, 1282, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714; see also Nero v Fiore, 165 AD3d 823, 826; Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 670-671; Parekh v Cain, 96 AD3d 812, 815; Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808; Fontanetta v John Doe 1, 73 AD3d 78, 86). Here, in support of their motion, the appellants submitted affidavits, emails, and letters, none of which are considered "documentary evidence within the intendment of CPLR 3211(a)(1)" (Nero v Fiore, 165 AD3d at 826 [internal quotation marks omitted]; see Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d at 671; 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851; Attias v Costiera, 120 AD3d at 1283; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 925). While "documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714), the note submitted by the appellants in support of their motion, which provided for a 10-year repayment term, did not "utterly refute the plaintiff's factual allegations" (Gould v Decolator, 121 AD3d at 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326), since the plaintiff alleged that the note initially had a repayment term of 10 years before the parties agreed to revise the repayment term to 5 years. Similarly, NRBC's records from 2014, which revealed, inter alia, NRBC's escrow deposits from Exclusive only for 2014, did not utterly refute the plaintiff's allegations of Exclusive's failure to pay past due taxes for other years. Accordingly, we agree with the denial of that branch of the appellants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as assorted against them.
Since the appellants failed to conclusively establish that the note sued upon was fraudulent, they similarly were not entitled to the discharge of their obligation to repay the loan under the note and guaranties pursuant to UCC 3-407(2)(a).
Likewise, we agree with the Supreme Court that the appellants failed to meet their burden to warrant dismissal pursuant to CPLR 3211(a)(3) for lack of standing. A plaintiff has standing in a mortgage foreclosure action when it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725). Where, as here, the motion is one to dismiss the complaint pursuant to CPLR 3211(a)(3) for lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 542; U.S. Bank, N.A. v Deshuk-Flores, 163 AD3d 603, 605; Mariners Atl. Portfolio, LLC v Hector, 159 AD3d 686, 687; OneWest Bank, FSB v Berino, 158 AD3d 811; HSBC Bank USA, N.A. v Ehrenthal, 158 AD3d 668, 670). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 61; see U.S. Bank N.A. v Guy, 125 AD3d 845, 847; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 683). Here, given that the plaintiff appended a copy of the note and allonge to the complaint as exhibits, and in view of the evidence in the record of a series of assignments of the note culminating in its transfer to the plaintiff, the appellants failed to establish, prima facie, that the plaintiff lacked standing to commence this action.
The appellants' remaining contentions are without merit.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court