Kinnear v Cefoli (2020 NY Slip Op 03218)





Kinnear v Cefoli


2020 NY Slip Op 03218


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-03718
 (Index No. 151027/18)

[*1]Corrine Kinnear, appellant,
v
Robert Cefoli, respondent.


Adelola Sheralynn Dow, Staten Island, NY, for appellant.
James R. Lambert, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to set aside certain provisions of a matrimonial mediation agreement, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated January 16, 2019. The order granted the defendant's cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.
On July 24, 2013, in contemplation of their divorce, the parties entered into a mediation agreement (hereinafter the agreement). In relevant part, the agreement provided that following their divorce, the parties would continue to jointly own their ongoing distribution business, in light of their "solid working relationship with a high level of trust in one another's skills," which made "co-ownership a viable solution." Pursuant to the terms of the agreement, the defendant would receive 30% of the joint business's profit going forward, and the plaintiff would retain the remaining 70%.
The plaintiff commenced this action in 2018 alleging, in relevant part, that since the parties' divorce, the defendant began distributing rival products, poached a number of associates from the joint business, ceased recruiting new associates for the joint business, and assisted his new fiancée in establishing her own competing business—all to the detriment of the parties' joint business and in breach of the relationship of trust on which the joint business was founded. Based on these allegations, the plaintiff claimed that the joint business was no longer viable and sought, in effect, to terminate it and obtain such other relief to which she may be entitled.
Prior to joining issue, the defendant cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In the order appealed from, dated January 16, 2019, the Supreme Court granted the cross motion on the ground that the complaint failed to state a cause of action. The plaintiff appeals.
"On a CPLR 3211 motion to dismiss, the court will accept the facts as alleged in the complaint as true, accord [the plaintiff] the benefit of every possible favorable inference, and [*2]determine only whether the facts as alleged fit within any cognizable legal theory" (Nonnon v City of New York, 9 NY3d 825, 827 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [his or her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see Biro v Roth, 121 AD3d 733, 735).
Construing the complaint liberally, we cannot conclude that the facts as alleged in the complaint do not fit within any cognizable legal theory. Accordingly, the defendant's cross motion should have been denied.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court