Lewis & Murphy Realty, Inc. v Colletti (2020 NY Slip Op 05498)





Lewis & Murphy Realty, Inc. v Colletti


2020 NY Slip Op 05498


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-09196
2018-02712
 (Index No. 702422/17)

[*1]Lewis & Murphy Realty, Inc., appellant,
v
Carmela Colletti, etc., respondent, et al., defendant.


Jaroslawicz & Jaros PLLC, New York, NY (David Tolchin and David Jaroslawicz of counsel), for appellant.
Rich, Intelisano & Katz, LLP (Daniel E. Katz and Robert J. Howard of counsel), for respondent.



DECISION & ORDER
In an action to recover a real estate brokerage commission, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 31, 2017, and (2) an order of the same court entered February 1, 2018. The order entered July 31, 2017, insofar as appealed from, granted that branch of the motion of Anthony Colletti and the defendant New York City School Construction Authority which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Anthony Colletti. The order entered February 1, 2018, insofar as appealed from, in effect, upon renewal and reargument, adhered to the original determination in the order entered July 31, 2017.
ORDERED that the appeal from the order entered July 31, 2017, is dismissed, as the portion of the order appealed from was superseded by the order entered February 1, 2018, made upon renewal and reargument; and it is further,
ORDERED that the order entered February 1, 2018, is reversed insofar as appealed from, on the law, the determination in the order entered July 31, 2017, granting that branch of the motion of Anthony Colletti and the defendant New York City School Construction Authority which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Anthony Colletti is vacated, and that branch of the motion is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for breach of a real estate brokerage contract against Anthony Colletti and the New York City School Construction Authority (hereinafter SCA). Colletti and the SCA, moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court, among other things, granted that branch of the motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Colletti. Thereafter, the plaintiff moved for leave to reargue and renew his opposition to the motion. The court, in effect, granted leave to renew and reargue, and adhered to the original determination. During the pendency of this appeal, Colletti died, and Carmela Colletti, as executor of his estate, was substituted for Colletti.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the complaint a liberal construction, accept the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87; Guggenheimer v Ginzburg, 43 NY2d 268, 275). To successfully plead a cause of action for breach of contract, the complaint must allege the existence of a contract, the plaintiff's performance under the contract, the defendant's failure to perform under the contract, and resulting damages (see JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803; Clearmont Prop., LLC v. Eisner, 58 AD3d 1052). Here, the plaintiff has alleged the existence of the brokerage agreement, performance by the plaintiff through finding the buyer, failure to pay the commission, and damages of $320,000. Accordingly, the complaint states a cause of action to recover damages for breach of contract (see Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573; Torok v Moore's Flatwork & Founds., LLC, 106 AD3d 1421).
A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851). Here, the submissions in support of the motion either did not constitute documentary evidence within the intendment of CPLR 3211(a)(1), or failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d at 851).
Accordingly, the Supreme Court, upon renewal and reargument, should have denied that branch of the motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Colletti.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court