Bay Ridge Lodge 758, Free & Accepted Masons v Grand Lodge of Free & Accepted Masons of the State of N.Y. (2022 NY Slip Op 01135)





Bay Ridge Lodge 758, Free & Accepted Masons v Grand Lodge of Free & Accepted Masons of the State of N.Y.


2022 NY Slip Op 01135


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
WILLIAM G. FORD, JJ.


2018-09341
 (Index No. 502414/17)

[*1]Bay Ridge Lodge 758, Free & Accepted Masons, et al., respondents, 
v
Grand Lodge of Free & Accepted Masons of the State of New York, et al., appellants.


Winget, Spadafora & Schwartzberg, LLP, New York, NY (Anthony D. Green of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 21, 2018. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of contract and breach of fiduciary duty asserted by the plaintiffs Bay Ridge Lodge 758, Free & Accepted Masons, Jerry Fishman, Erik D. Rukhman, Joseph Staiano, Abner Abiel Rivera, Anthony J. Regina, Peter Grazioli, and Anthony Barris.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Bay Ridge Lodge 758, Free & Accepted Masons (hereinafter Bay Ridge Lodge), allegedly a subordinate lodge chartered under the Benevolent Orders Law of the State of New York and the Constitutions of the Grand Lodge of Free & Accepted Masons of the State of New York (hereinafter the Grand Lodge), and certain individual members of Bay Ridge Lodge, among others, commenced this action against the Grand Lodge and certain individuals. The amended complaint included, among other things, causes of action asserted by each of the plaintiffs to recover damages for breach of contract and breach of fiduciary duty. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the breach of contract and breach of fiduciary duty causes of action asserted by Bay Ridge Lodge and the plaintiffs Jerry Fishman, Erik D. Rukhman, Joseph Staiano, Abner Abiel Rivera, Anthony J. Regina, Peter Grazioli, and Anthony Barris (hereinafter collectively the individual plaintiffs). The Supreme Court, among other things, denied those branches of the defendants' motion, and the defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction (see id. § 3026). The facts as alleged in the complaint are accepted as true, the plaintiff is afforded the benefit of every possible favorable inference, and the court determines only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). Applying these principles here, we conclude that the allegations pertaining to the breach of contract and breach of fiduciary duty causes of action asserted by Bay Ridge Lodge and the individual plaintiffs were [*2]sufficient to survive a motion to dismiss pursuant to CPLR 3211(a)(7).
The defendants' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, RIVERA and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court