Law Offs. of Harry J. Binder & Charles E. Binder, P.C. v Fraga (2022 NY Slip Op 04297)

Law Offs. of Harry J. Binder & Charles E. Binder, P.C. v Fraga

2022 NY Slip Op 04297

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-01830
 (Index No. 615008/18)

[*1]Law Offices of Harry J. Binder and Charles E. Binder, P.C., respondent, 
v
Aida E. Fraga, appellant, et al., defendants.

Aida E. Fraga, Miami, Florida, appellant pro se.
Balfe Holland, P.C., Melville, NY (Lee E. Riger of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Aida E. Fraga appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated January 22, 2020. The order, insofar as appealed from, denied that defendant's motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action, inter alia, to recover damages for breach of contract, the plaintiff alleges in the complaint that, in or about April 1998, the defendant Aida E. Fraga entered into a retainer agreement with the plaintiff with regard to the plaintiff's representation of Fraga in connection with a dispute over long-term disability insurance policies issued by the defendant Guardian Life Insurance Company of America (hereinafter Guardian). The plaintiff alleges that the retainer agreement provided that the plaintiff was entitled to a contingency fee of one-third of all monies collected on behalf of Fraga by the plaintiff, regardless of whether collection was made through settlement, judgment, or reinstatement of the insurance policies. The plaintiff alleges that it commenced an action in the United States District Court for the Southern District of Florida which resulted in an order directing Guardian to pay benefits to Fraga under the policies. Thereafter, Guardian and the defendant Berkshire Life Insurance Company of America (hereinafter Berkshire) issued Fraga's monthly payments to the plaintiff, which deducted its fee and forwarded the remaining funds to Fraga. The plaintiff alleges that, in or about March 2018, Fraga directed Guardian and Berkshire to cease making payments directly to the plaintiff and, since that time, Fraga made no payments to the plaintiff for the legal fees purportedly owed pursuant to the retainer agreement. The plaintiff subsequently commenced this action, inter alia, to recover damages for breach of contract. Fraga moved, in effect, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against her. In an order dated January 22, 2020, the Supreme Court, among other things, denied the motion, and Fraga appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the pleadings a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Maddicks v Big City Props., LLC, 34 NY3d 116, [*2]123; Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Bay Ridge Lodge 758, Free & Accepted Masons v Grand Lodge of Free & Accepted Masons of the State of N.Y., 202 AD3d 1035). Here, assuming the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference, the plaintiff set forth a cognizable cause of action against Fraga to recover damages for breach of contract, among other things (see CPLR 3211[a][7]; Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 733; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803).
A motion to dismiss pursuant to CPLR 3211(a)(1) based on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (see Leon v Martinez, 84 NY2d at 88; Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d at 733; 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851). Here, the evidence submitted by Fraga in support of her motion did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) and, in any event, failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d at 733; 25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d at 851).
Accordingly, the Supreme Court properly denied Fraga's motion, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court