Cunningham v Cunningham (2024 NY Slip Op 01168)

Cunningham v Cunningham

2024 NY Slip Op 01168

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07869
2020-07871
2020-09190
2020-09191
 (Index No. 200292/20)

[*1]Joseph S. Cunningham, respondent,
v
Paula S. Cunningham, appellant.

Paula S. Cunningham, Westbury, NY, appellant pro se.
Joseph Sean Cunningham, named herein as Joseph S. Cunningham, Westbury, NY, respondent pro se.
Donna M. McCabe, Garden City, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), dated August 12, 2020, (2) an order of the same court, also dated August 12, 2020, (3) an order of the same court dated September 23, 2020, and (4) stated portions of an order of the same court dated September 25, 2020. The first order dated August 12, 2020, denied the defendant's motion to disqualify the attorney for the child. The second order dated August 12, 2020, granted the defendant's motion for supervised parental access with the parties' child only to the extent of directing that the defendant's parental access be supervised by Kids in Common. The order dated September 23, 2020, denied the defendant's motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint. The order dated September 25, 2020, inter alia, granted that branch of the plaintiff's cross-motion which was to direct the defendant to pay temporary child support.
ORDERED that the appeals from the orders dated August 12, 2020, and the order dated September 25, 2020, are dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order dated September 23, 2020, is affirmed, without costs or disbursements.
The parties were married in 2005. There is one child of the marriage. In 2020, the plaintiff commenced this action for a divorce and ancillary relief pursuant to Domestic Relations Law § 170(7). The defendant answered and asserted a counterclaim for annulment of the marriage pursuant to Domestic Relations Law § 140(e). Thereafter, the defendant moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint, arguing that her consent to the marriage was obtained by reason of fraud because the plaintiff misrepresented that his middle name was his first name, and citing Domestic Relations Law § 7(4). In an order dated September 23, 2020, the Supreme Court [*2]denied the defendant's motion. The defendant appeals.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 733). Here, the Supreme Court properly denied dismissal of the complaint pursuant to CPLR 3211(a)(1), as the defendant's submissions failed to utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law to the plaintiff's cause of action (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d at 733; see also Domestic Relations Law § 170[7]).
The defendant's remaining contentions either are without merit or have been rendered academic by our determination.
BARROS, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court