■ PAULINE ORENSTEIN, Respondent, v. IRVING ORENSTEIN, Appellant.— Order entered September 14, 1965, granting plaintiff's motion for temporary alimony, counsel fees and other relief unanimously modified on the law and the facts, and in the exercise of discretion, without costs and disbursements, to the extent of reducing the amount to be paid plaintiff for her support and maintenance to $150 per week and eliminating all other ordering paragraphs requiring the payment of counsel fees and the payment of rental or other charges in connection with the occupancy of the apartment at 160 Central Park South. In the circumstances of this case the amount awarded for temporary alimony was excessive and not supported by the record. Moreover, we see no necessity for the award of counsel fees at this stage of the proceedings. Plaintiff's right to any counsel fees are to be reserved for determination by the trial court. Finally, the sum of $150 per week to which we have reduced the temporary alimony should suffice to cover plaintiff's support and maintenance including any rental charges which she may have to pay for occupancy of any premises. No additional allowance was warranted with regard to the occupancy of the apartment at 160 Central Park South. As we have stated many times before, the remedy for any seeming inequity in a direction for payment of temporary alimony based on conflicting affidavits is a speedy trial where the true facts as to the finances and standard of living of the parties can be ascertained, and plaintiff's right to alimony can be finally determined. (See *Lerner* v. *Lerner*, 22 A D 2d 771; *Gentile* v. *Gentile*, 19 A D 2d 825.) Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Eager and Steuer, JJ.

■ G. HUNT WEBER, Respondent, v. R. O. SIDNEY et al., Appellants.— Order entered on June 15, 1965 modifying judgment dated July 15, 1963, unanimously reversed on the law and the facts, with $30 costs and disbursements to appellants, and motion denied but without prejudice to a plenary action or other relief. The judgment herein determined the rights of the individual parties in regard to the corporate defendant. It did not purport to provide, nor can it be used as a vehicle for, the court's supervising the management of the corporation. The amendment granted does that. If plaintiff is aggrieved by the subsequent developments, he is not precluded from seeking relief by appropriate procedures. Concur — Botein, P. J., Rabin, Valente, Eager and Steuer, JJ.

■ In the Matter of the First Intermediate Accounting of HALIBURTON FALES et al., as Trustees under the Will of HALIBURTON FALES, Deceased, Respondents. SANDRA F. HILLMAN et al., Respondents; ANGELICA F. DUNHAM et al., Appellants.— Decree entered on October 21, 1960, to the extent that it construes decedent's will as granting no interest in the trust fund to appellant Angelica Fales Dunham, the adopted child of Haliburton Fales (junior), unanimously reversed, on the law, with $50 costs and disbursements to all parties filing briefs payable out of the estate, and the matter remitted to the Surrogate for proceeding in accordance with the determination hereinafter set forth. As we find no "explicit purpose" stated in the will to exclude an adopted child (see *Matter of Park*, 15 N Y 2d 413, 417), we hold, under the doctrine of that recent decision, that the will should be construed as providing that in the event that Haliburton Fales (junior) is survived by a natural-born descendant, said appellant or her issue shall be entitled to share in the fund. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.