■ ARTHUR MORGENROTH et al., Appellants, v TOLL BROS., INC., et al., Respondents. [876 NYS2d 378]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered April 4, 2008, dismissing the amended complaint in its entirety, and bringing up for review an order, same court and Justice, entered March 28, 2008, which, inter alia, granted defendants' cross motion for summary judgment, unanimously affirmed, with costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court properly denied plaintiffs' motion and granted defendants' cross motion for summary judgment. The unrefuted record evidence established that Toll Bros. acted in a commercially reasonable manner in obtaining the "lowest price possible" when it purchased the 108 3rd Avenue premises (108 premises) for $7.5 million pursuant to the "Other Property" (OP) provision of the parties' agreement. Plaintiffs fail to raise an issue of triable fact as to whether defendants used commercially reasonable efforts to obtain the property at the lowest purchase price possible within the contemplation of the OP provision.

It is undisputed that defendants' acquisition of the 108 premises contemplated its demolition. It is also undisputed that in order to obtain the necessary demolition permit, Toll would need not only to ensure that the building was vacant, but obtain a certificate of no harassment, which could only be issued if no tenants had been harassed within the preceding three-year period. Toll reasonably negotiated to ensure that the burdens of obtain-

ing such a certificate and of obtaining tenant lease terminations rested with the seller, RRR, which was in a better position to assume them. The change in the pricing structure to account for the seller's assumption of these burdens was commercially reasonable and necessary to achieve Toll's goal of obtaining a tenant-free building. Moreover, it is undisputed that RRR valued the property in excess of $300 per square foot, which would have resulted in a purchase price in excess of $7.5 million, the amount ultimately paid.

Plaintiffs' argument that defendants owed them a "fiduciary duty" is without legal or factual basis. The only duty owed by defendants to plaintiffs was a contractual one. The claim is duplicative of the breach of contract claim since it fails to allege breach of any fiduciary duty independent of the contract itself (*see William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]). Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ. [*See* 2008 NY Slip Op 30892(U).]