Tsai v Lo (2023 NY Slip Op 00291)

Tsai v Lo

2023 NY Slip Op 00291

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 653375/20 Appeal No. 17154 Case No. 2022-03618 

[*1]May R. Tsai, Plaintiff-Respondent,
v
Mark Paul Lo et al., Defendants-Appellants.

Huang, Chen & Wu PLLC, Flushing (Song Chen of counsel), for appellants.
Holihan & Associates, P.C., Richmond Hill (Stephen Holihan of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J.), entered March 11, 2022, which granted plaintiff's motion under CPLR 3211(a)(1) and (7) to dismiss defendants' counterclaims, unanimously modified, on the law, to reinstate defendants' counterclaim for breach of contract seeking specific performance and monetary relief, and otherwise affirmed, without costs.
Defendants' answer sets forth five counterclaims: breach of contract, specific performance, detrimental reliance, fraud and misrepresentation, and breach of fiduciary duty. The answer and counterclaims alleged, broadly, that there was an oral agreement between the parties in which defendants agreed to join and partially fund a joint venture, operating through Kissena HTL, LLC. In exchange, plaintiff agreed to consent to both the future sale of the real property purchased by the LLC and/or the future sale of defendants' interest in the LLC. The counterclaims also asserted that plaintiff breached that oral agreement by withholding her consent to the sales.
Supreme Court should not have dismissed defendants' counterclaims for breach of contract and specific performance, which it properly construed as a single claim for breach of contract seeking specific performance and monetary relief. The alleged agreement at issue was not an unenforceable oral contract for the sale of real property, as it did not provide for the sale or transfer of real property or any party's interest in real property (see General Obligations Law § 5-703[2]). Instead, giving defendants' allegations every favorable inference, defendants sufficiently pled that the oral agreement was effectively an LLC voting agreement under which plaintiff agreed to vote her membership interest in favor of defendants' sale of their membership interests or a sale of the property. Furthermore, we reject plaintiff's argument that defendants' counterclaims are barred by General Obligations Law § 15-301(1) and the "no oral modification" clauses set forth in the notes between the parties, because defendants allege that the voting agreement was made before the notes were executed. Plaintiff also failed to establish as a matter of law that the alleged contract was an unenforceable agreement to agree (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]).
We decline to consider plaintiff's remaining arguments relating to the breach of contract counterclaim, because they are improperly made for the first time on appeal and do not involve purely legal issues that could not have been avoided if raised before Supreme Court (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Supreme Court properly dismissed defendants' remaining counterclaims as duplicative of their breach of contract counterclaim (CPLR 3211[a][7]; see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]; Morgenroth v Toll Bros., Inc., 60 AD3d 596, 597 [1st Dept 2009]). 
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023