Bich v Bich (2023 NY Slip Op 04918)

Bich v Bich

2023 NY Slip Op 04918

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Kern, J.P., Moulton, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 652092/20 Appeal No. 674 Case No. 2022-01083 

[*1]Veronique Bich, Plaintiff-Respondent-Appellant,
v
Gonsalve Marie Leon Bich, et al., in their capacity as Personal Representatives of the Estate of Bruno Bich, Defendants-Appellants-Respondents, Gonsalve Marie Leon Bich, et al., Acting Derivatively on Behalf of Grenelle, LLC., Intervenors-Appellants-Respondents.

Ballard Spahr LLP, New York (James V. Masella, III of counsel) for Gonsalve Marie Leon Bich, Charles Marie Pierre Bich and Guillaume Marie Panthaleon Bich, in their capacity as Personal Representatives of the Estate of Bruno Bich, appellants-respondents.
Charish Law Group P.C., New York (Michael A. Charish of counsel), for Gonsalve Marie Leon Bich, Charles Marie Pierre Bich and Guillaume Marie Panthaleon Bich, acting derivately on behalf of Grenelle, LLC, appellants-respondents.
Glenn Agre Bergman & Fuentes LLP, New York (Michael Paul Bowen of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 9, 2022, which, insofar as appealed from as limited by the briefs, (1) granted so much of plaintiff wife's motion for partial summary judgment awarding her specific performance of certain obligations owed by defendant husband, (2) determined the effective date of certain debt owed by the wife under the terms of the parties' postnuptial agreement, (3) denied the wife's request for counsel fees, and (4) granted so much of the husband's motion for partial summary judgment on his breach of fiduciary duty claim related to damage to certain artwork with damages to be assessed at trial, unanimously modified, on the law, to the extent of remanding to the trial court for resolution of the parties' intent related to the ambiguity in the postnuptial agreement related to the triggering time of the wife's obligation to undertake the Grenelle debt, and otherwise affirmed, without costs.
The parties in this postjudgment matrimonial matter were married in 1977. In May 2008, the parties executed a postnuptial agreement to provide for division of marital property in the event, as relevant here, of the wife's formal notification to the husband that she no longer wished to live with him (the operative event). Upon the occurrence of the operative event, the parties' property was to be distributed according to its terms. The wife triggered the operative event in August 2017. The postnuptial agreement provided that the intent of the agreement was, in the event the marital relationship ended, that each party receive 50% of the marital assets, and provided certain mechanisms for division of the property. As the husband died in 2021, his estate has been substituted in his place.
Certain provisions of the agreement were specifically effective only upon the occurrence of an operative event. Among these provisions, within 30 days from the occurrence of the operative event, the husband was to transfer to the wife his 98.98% interest in Grenelle LLC, "subject to then outstanding indebtedness" as described further in the agreement. The husband was also to give the wife 50% of certain company shares held by the husband.
The condition outlined for the wife's receipt of the Grenelle shares, however, provided that the wife was to be solely responsible for payment of the Grenelle debt which "shall be transferred to her within thirty (30) days of the execution of this Agreement."
"When parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 489 [1st Dept 2018] [internal quotation marks omitted]). If a contract's provisions are subject to more than one or conflicting reasonable interpretations, the agreement will be considered ambiguous, requiring a trial on the parties' intent (id.). Here, the language of the agreement allows for more than one reasonable interpretation [*2]of the parties' intentions when they entered into the agreement. The language regarding distribution of the parties' assets is specifically contingent on the occurrence of the operative event and otherwise without force or effect. This conflicts with further language that requires the wife to assume certain debt within 30 days of the execution of the agreement. These interrelated provisions are ambiguous as they are "reasonably or fairly susceptible of different interpretations or may have two or more different meanings" (id. [internal quotation marks omitted]). Accordingly, the parties' intent underpinning these conflicting provisions must be addressed at trial.
The court properly granted partial summary judgment on the wife's breach of contract claim awarding her specific performance of the transfer of certain shares to her. The agreement provided that its provisions could be enforced independent of other obligations and, as a result, she is entitled to enforce the provisions related to the husband's transfer of shares to her, which he clearly had not done, regardless of whether she breached other provisions of the agreement (see Greasy Spoon v Jefferson Towers, 75 NY2d 792, 795 [1990]). We note that the trial court properly reserved for factfinding the husband's contentions regarding certain property and assets which he maintains the wife has not remitted. Further, the trial court properly computed the amount of certain shares held by the husband, as the husband admitted that certain loaned shares were returned to him.
The court also properly awarded summary judgment with respect to one aspect of the husband's breach of fiduciary duty claim. While ordinarily a breach of fiduciary duty does not arise when the breach is a failure to perform under the contract (Celle v Barclays Bank P.L.C., 48 AD3d 301, 302 [1st Dept 2008]), a fiduciary duty can arise from some other source than the contract (Morgenroth v Toll Bros., Inc., 60 AD3d 596, 597 [1st Dept 2009]). Here, the wife retained certain artwork that belonged to another entity, and upon its eventual return, some of the artwork was damaged. As the wife provided no evidence to rebut the husband's evidence of damage, judgment as to liability was warranted (see e.g. Anonymous v Anonymous, 136 AD3d 506 [1st Dept 2016]).
Finally, the court did not abuse its discretion in declining to award counsel fees to the wife prior to trial (see Orenstein v Orenstein, 24 AD2d 753 [1st Dept 1965]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023